By the Court.—Sedgwick, J.
is an action for a dissolution of a copartnership and an accounting. There were issues framed under rule 40, which were tried by a jury. The trial resulted in a verdict in favor of the plaintiff. Without a direction by the judge, before whom the trial was, a motion was made upon the minutes for a new trial, before the judge, at the same term when the issues were tried. One of the grounds on which this motion is made, is that under rule 4Ó, a motion for new trial cannot be made before the judge on the trial, unless he specifically directs that it shall be made. I hesitate to decide, that when a judge allows a motion for a new trial in such case to be made before him, on his minutes, without objection taken at> the time by the counsel, and the judge does not refuse to hear it, it is not tantamount to a direction of the judge that it shall be heard, and does not satisfy the requirement of the rule in that regard.
There is, however, another ground for the motion. The papers have not been printed and served upon the defendant. The appeal has been pending since August, 1873. This omission is accounted for in the appellant’s affidavit,, by the fact that his counsel has *221 been ill for several months past. This is satisfactory so far as it goes, bat it appears that the appellant’s right to make a case has gone. There was an order made declaring the appeal to be abandoned, no doubt on the ground that the appellant had neglected to make a case. Although no notice of settlement of this order has been given to the appellant, still it is now in full force. .Therefore as the appeal has been declared to be abandoned, and the appellant’s light to make a case has passed, the present motion to dismiss the appeal must-be granted, with costs.
Van Vorst and Speir, JJ., concurred.